IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHRISTOPHER BAKER :
    Plaintiff :
:
  v. : No. 1:CV-08-1741
: (JUDGE VANASKIE)
SOUTHERN YORK AREA SCHOOL :
DISTRICT :
    Defendant :

## MEMORANDUM AND ORDER

BACKGROUND[1]

On September 19, 2008, plaintiff Christopher Baker, a 19 year-old high school graduate with a profound learning disability in the area of reading and written expression, brought this litigation to recover damages for the alleged denial of access to an appropriate education. Specifically, Plaintiff claims that Defendant Southern York Area School District (the "District") misdiagnosed him as being mentally retarded for a period of eight years, as a result of which he did not receive required remediation and specially designed instruction addressing his specific learning disabilities. Plaintiff asserts that he was denied the statutorily-required "free appropriate public education"

---

[1] For the convenience of the reader of this Memorandum opinion in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted. The Court accepts no responsibility for, and does not endorse, any product, organization, or content at any hyperlinked site, or at any site to which that site might be linked. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court. Citations to page numbers refer to the page number of the document on the CM/ECF electronic record.

("FAPE") for all school years commencing in 1995 and ending in 2007, with the exception of the 2002-2003 and 2003-2004 school years.[2] Plaintiff, who graduated from the District's high school in June of 2007, alleges that he pursued post-secondary education, but was unable to attain passing grades due to the alleged inappropriate educational programs provided to him by the District commencing in the first grade.

Plaintiff presents three claims for relief. Count I asserts a denial of a FAPE for ten of the twelve school years Plaintiff was enrolled in the District school system; Count II seeks relief under the ADA; and Count III seeks relief under § 504 of the Rehabilitation Act and its regulations appearing at 34 C.F.R., Chapter 104. As relief, plaintiff requests "compensatory <u>damages</u> for ten years for the denial of access to an appropriate education, plus an additional award for discrimination based upon disability and misdiagnosis of disability." (Compl., Dkt. Entry 1, at 33; emphasis in original.) He also requests attorneys' fees and the "cost of private independent evaluations that were and are necessary for the preparation and prosecution of this litigation . . . ."

---

[2]Significantly, Plaintiff's mother pursued administrative remedies under the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. § 1401, *et seq.*, for the school years of 2002-03 and 2003-04. Dissatisfied with the results of the administrative process, Plaintiff's mother brought an action in this Court, docketed to No. 1:04-CV-2221. As Plaintiff has done in this action, Plaintiff's mother sought relief under the IDEA, section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131-12134. The Honorable Christopher C. Conner of this Court, in a Memorandum and Order dated October 24, 2006, granted the District's Summary Judgment Motion on the ground that the Commonwealth Court's decision that the District had provided Plaintiff with an adequate FAPE for the 2002 and 2003 school years precluded litigation of the claims asserted under the IDEA, Rehabilitation Act, and ADA.

(Id.)

On November 21, 2008, Defendant filed a motion to dismiss, presenting a number of arguments why Plaintiff's claims should be dismissed in whole or in part. Specifically, the District argues that compensatory damages may not be sought under the IDEA; the ADA and Rehabilitation Act claims should be dismissed for failure to exhaust remedies under the IDEA; the § 504 FAPE regulations are an *ultra vires* exercise of regulatory authority and thus cannot be used to sustain a private cause of action; and claims pertaining to matters that occurred more than two years prior to the filing of this action are barred by the applicable statute of limitations. Each argument will be considered seriatim.

DISCUSSION

A. Compensatory Damages Under the IDEA

In his opposition brief, plaintiff "concedes that money damages are not available under IDEA claims . . . ." (Pl's Br. Opp'n Mot. Dismiss, Dkt. Entry 17, at 14.) Moreover, Plaintiff explicitly eschews relief in the form of compensatory education, acknowledging that such a remedy is available only if administrative processes were pursued, an avenue of relief that he asserts would have been futile to pursue. (Id. at 15.)

Plaintiff's concession is now compelled by controlling case law. In Chambers ex rel. Chambers v. School District of Phila. Bd. of Educ., No. 07-4790, ___ F.3d ___, 2009 WL 3948295, at *7 (3d Cir. Nov. 20, 2009), our Court of Appeals, consistent with every other Court of Appeals to

have addressed the issue, ruled that "compensatory and punitive damages are not an available remedy under the IDEA." The Third Circuit explained that the "language and structure [of the IDEA] make plain that Congress intended that disabled children receive a FAPE under appropriate circumstances, not to create a mechanism for compensating disabled children and their families for their pain and suffering where a FAPE is not provided." Id. Accordingly, Count I of the Complaint will be dismissed.

B. Exhaustion of Administrative Remedies

"Section 504 of the Rehabilitation Act provides many of the same protections as the IDEA."[3] Adam C. v. Scranton Sch. Dist., No. 3:CV-07-0532, 2008 WL 4411849 at *4 (M.D.Pa. Sept. 23, 2008). Unlike the IDEA, however, the Rehabilitation Act "does provide an avenue for seeking compensatory damages." Breanne C. v. Southern York County Sch. Dist., No. Civ. 1:08-1526, 2009 WL 3380647, at *5. (M.D.Pa. Oct. 19, 2009). As our Court of Appeals explained in A.W. v. Jersey City Pub. Sch., 486 F.3d 791, 804 (3d Cir. 2007), "[t]he remedies for violation of section 504 are co-extensive with remedies available in a private cause of action brought under Title VI of the

---

[3] Our Court of Appeals has recognized that claims for monetary damages arising out of an alleged failure to provide a FAPE may be pursued under § 504 of the Rehabilitation Act and the ADA. See Jeremy H. v. Mount Lebanon School District, 95 F.3d 272, 279 (3d Cir. 1996). Our Court of Appeals has also recognized that the same standards apply to both Rehabilitation Act and ADA claims. See Chambers, 2009 WL 3948295, at *9 ("Because the same standards govern both the Chambers' [Rehabilitation Act] and ADA claims, we may address both claims in the same breath."). The parties do not dispute the fact that claims under § 504 and the ADA are subject to the same analysis. Accordingly, references to the Rehabilitation Act or § 504 are intended to encompass the Plaintiff's ADA claim as well.

Civil Rights Act of 1964. These remedies include compensatory damages . . . ."

Although Title VI of the Civil Rights Act of 1964 does not require exhaustion of administrative remedies prior to bringing suit, the IDEA's exhaustion requirement does apply where, as here, relief for claims premised upon the IDEA is sought under the ADA and the Rehabilitation Act. Jeremy H. v. Mount Lebanon Sch. Dist., 95 F.3d 272, 282 (3d Cir. 1996); Adam C., 2008 WL 4411849, at *4. The District argues that Plaintiff's admitted failure to pursue the procedures afforded under 20 U.S.C. § 1415(f) and (g) precludes his claims for compensatory damages under the Rehabilitation Act and ADA. Plaintiff counters that because compensatory damages could not be awarded in the statutorily-prescribed administrative review process, the exhaustion requirement is not applicable here.

In W.B. v. Matula, 67 F.3d 484, 496 (3d Cir. 1995), overruled on other grounds by, A.W. v. Jersey City Pub.Sch., 486 F.3d 791 (3d Cir. 2007), our Court of Appeals held that "where the relief sought in a civil action is not available in an IDEA administrative proceeding, recourse to such proceedings will be futile and the exhaustion requirement is excused." This holding has been followed consistently by District Courts in the Third Circuit where, as here, IDEA eligibility is not disputed. See e.g., Adam C., 2008 WL 4411849, at *5; Vicki M. v. Northeastern Education Intermediate Unit 19, 486 F.Supp. 2d 437, 455 (M.D.Pa. 2007) ("in light of the fact that the Plaintiffs are requesting relief that is unavailable through the IDEA administrative process, that IDEA eligibility is not an issue, and that the relevant factual record may be adequately developed through

standard discovery procedures, this Court will dispense with the exhaustion requirement in this matter"); Colon ex rel. Disen-Colon v. Colonial Intermediate Unit 20, 443 F.Supp. 2d 659, 668 (M.D.Pa. 2006) (finding that exhaustion was not required where, as here, plaintiff sought only compensatory damages for claims arising in the context of IDEA requirements); Irene B. v. Philadelphia Academy Charter School, No. Civ.A. 02-1716, 2003 WL 24052009, at *7 (E.D. Pa. Jan. 29, 2003) (where exhaustion would be futile because the relief sought in the civil action cannot be obtained through IDEA administrative proceedings, the exhaustion requirement is excused). Accordingly, because Plaintiff seeks only compensatory damages, relief that could not be awarded through the IDEA administrative process, exhaustion of administrative remedies is not required.

### C. The *Ultra Vires* Argument

Without citation to any authority, the District contends that the § 504 FAPE regulations constitute an *ultra vires* exercise of regulatory authority. The District acknowledges that no court has ever reached this conclusion in the nearly 30 years that the regulations have existed. Because the District has provided no authority for the analysis of this argument, it will be dismissed, without prejudice to the District raising the matter anew with an appropriate analytical framework.

### D. The Statute of Limitations Defense

The threshold question presented by the District's statute of limitations argument is whether the time period for commencing litigation under the Rehabilitation Act for FAPE-based claims is prescribed by federal or state law. Prior to November of this year, courts had held that

Pennsylvania's two-year limitations period for filing personal injury actions applied to section 504 claims. See, e.g., Smith v. City of Phila., 345 F.Supp.2d 482, 485 (E.D. Pa.2004); Toney v. U. S. Healthcare, Inc., 840 F.Supp. 357, 360 (E.D. Pa.1993), aff'd, 37 F.3d 1489 (3d Cir.1994). In P.P. v. West Chester Area Sch. Dist., 585 F.3d 727 (3d Cir. 2009), however, our Court of Appeals recently held that section 504 claims premised upon IDEA claims are governed by the IDEA two-year statute of limitations, and not the Pennsylvania limitations period applicable to personal injury claims. Writing for the unanimous panel, Judge Rendell explained:

> The IDEA and § 504 of the Rehabilitation Act do similar statutory work. The IDEA protects the rights of disabled children by mandating that public educational institutions identify and effectively educate those children, or pay for their education elsewhere if they require specialized services that the public institution cannot provide. Section 504 of the Rehabilitation Act is parallel to the IDEA in its protection of disabled students: it protects the rights of disabled children by prohibiting discrimination against students on the basis of disability, and it has child find, evaluation, and FAPE requirements, like the IDEA. The Rehabilitation Act is certainly closer in subject matter and goals to the IDEA than to the Pennsylvania personal injury statute, which deals with torts against persons and property.
>
> * * *
>
> It does not make sense that the virtually identical claims made under these two statutes would be treated differently from a statute-of limitations perspective: Congress has expressed an interest in promptly resolving disputes under the IDEA, as evidenced by its passage of the statute-of-limitations amendment. If a plaintiff was barred from asserting an IDEA claim because the statute of limitations had run and neither of the exceptions applied, why should the identical claim, made under the Rehabilitation Act, be subject to different tolling principles?
>
> We are convinced that the IDEA's limitations period is a better fit for education claims made under the Rehabilitation Act than the personal injury statute of limitations.

Id. at 735, 736

The IDEA limitations period, which became effective on July 1, 2005, provides:

C) Timeline for requesting hearing

A parent or agency shall request an impartial due process hearing within 2 years of the date the parent or agency knew or should have known about the alleged action that forms the basis of the complaint, or, if the State has an explicit time limitation for requesting such a hearing under this subchapter, in such time as the State law allows.

(D) Exceptions to the timeline

The timeline described in subparagraph (C) shall not apply to a parent if the parent was prevented from requesting the hearing due to--

(i) specific misrepresentations by the local educational agency that it had resolved the problem forming the basis of the complaint; or

(ii) the local educational agency's withholding of information from the parent that was required under this subchapter to be provided to the parent.

20 U.S.C. § 1415(f)(3)(C) and (D).[4]

---

[4] The limitations period is geared to a request for a due process hearing. As noted above, Plaintiff's mother deliberately chose not to pursue the available due process hearing to contest alleged inadequacies in Plaintiff's FAPE after the 2003 school year, and Plaintiff asserts that it would be futile to pursue such an avenue of relief because he does not want an award of compensatory education, just monetary damages. Under these circumstances, it is appropriate to regard the filing of this action as the equivalent of a request for a due process hearing for statute of limitations purposes. Otherwise, litigants with claims under the IDEA would have an incentive to avoid a due process hearing in order to invoke a state statute of limitations scheme with its rules governing tolling, a result that would be inconsistent with the framework established by Congress, with specifically articulated limitations on tolling. A party that wants to pursue only money damages for a FAPE-based claim, relief that is unavailable under the IDEA, should not be able to invoke a

8

The District argues that Plaintiff may not seek relief for claims that accrued prior to September 19, 2006, two years before the filing of this action. Plaintiff argues that the IDEA two-year limitations period cannot be applied to extinguish claims that existed before its effective date, July 1, 2005. (Pl's Br. Opp'n Mot. Dismiss, Dkt. Entry 17, at 5.)

Plaintiff's argument misapprehends the doctrine against retroactive application of statutes of limitations. Such an argument would be appropriate had Plaintiff brought this action within two years of the effective date of the new statute of limitations. In such a circumstance, a plaintiff could argue that it had relied upon the preexisting statute in deferring action so that it would be unfair to bar the party's claims as a result of a newly established limitations period. Indeed, whether the newly enacted statute of limitations could be applied to bar claims accruing more than two years before the initiation of legal process has divided the courts where the plaintiff had commenced an action prior to July 1, 2007. Compare Evan H. v. Unionville-Chadsford Sch. Dist. No., Civil Action No. 07-4990, 2008 WL 4791634, at *4 (E.D. Pa. Nov. 4, 2008) (application of the IDEA two-year statute of limitations where legal process was instituted on February 21, 2007 was not impermissibly retroactive) with Mark v. Central Bucks Sch. Dist., No. Civ A. 08-571, 2009 WL 415767, at *5 (E.D. Pa. Feb. 18, 2009) (the IDEA's two year statute of limitations on claims for

---

statute of limitations scheme that is different than the limitations scheme established by Congress to seek relief under the IDEA. As our Court of Appeals asked rhetorically in P.P., 585 F.3d at 736, "[i]f a plaintiff was barred from asserting an IDEA claim because the statute of limitations had run and neither of the exceptions applied, why should the identical claim, made under the Rehabilitation Act, be subject to different tolling principles?"

compensatory education did not apply retroactively to bar claims that accrued prior to the statute's effective date where the plaintiff initiated legal process on May 1, 2007, less than two years after the statutory effective date).[5]

In this case, Plaintiff did not bring this action until September of 2008, more than three years after the statutory effective date.  The limitations period for any claim accruing prior to the statutory effective date for the newly-established limitations period would have commenced running no later than the statutory effective date of July 1, 2005.  Plaintiff would then have had two years within which to commence legal process on any claims accruing prior to July 1, 2005, a plainly just result that does not unfairly extinguish any claim that may have accrued before July 1, 2005.  To hold otherwise would produce the anomalous result that a claim accruing between July 1, 2005 and September 18, 2006 would be time-barred, but earlier claims would not be barred.  Clearly, such an absurd result is not to be countenanced.  See, Evan H., 2008 WL 4791624 at *4.

Recently, my esteemed colleague, the Hon. Sylvia H. Rambo, addressed the applicability of the IDEA two-year statute of limitations in circumstances similar to those presented here.  In Breanne C., supra, plaintiffs had commenced legal process on October 12, 2007, more than two years and three months after the effective date of the statute of limitations.  2009 WL 3380647, at

---

[5] In P.P., 585 F.3d at 740-41, our Court of Appeals declined to address the question of whether the IDEA's two-year statute of limitations applies where the underlying events took place before the statutory effective date, noting that there were no claims that pre-dated November of 2004 and the plaintiffs had commenced legal process in October of 2005.

10

*6. As in this case, the plaintiffs in Judge Rambo's case (who also were suing the Southern York County School District), argued that the "recent amendments to the IDEA do not apply to claims occurring before these amendments took effect, and further that any statute of limitations . . . should not be applied under the doctrine of equitable tolling." Id. Judge Rambo concluded that the plain language of the IDEA served to bar all claims arising prior to October 12, 2005, two years before legal process was initiated. Id. An identical result is compelled here. All claims arising more than two years before legal process was initiated are time-barred.

Plaintiff argues that statutory exceptions to the two year limitations period serve to resurrect otherwise time-barred claims dating back to the 1990s. The statutory exceptions are limited to the following:

> (i) Specific misrepresentations by the local educational agency that it had resolved the problem forming the basis of the complaint; or
>
> (ii) The local educational agency's withholding of information from the parent that was required . . . to be provided to the parent.

20 U.S.C. § 1415(f)(3)(D).

As the District argues, the allegations of plaintiff's complaint preclude reliance upon either statutory exception. In his brief, Plaintiff asserts that the District failed to disclose that testing conducted during the 2002-2003 school year showed that he fell outside the range of mental retardation. Plaintiff, however, acknowledges that the misdiagnosis claim was pursued on his behalf in 2004. In this regard, the Complaint alleges that the misdiagnosis had been discovered by

11

a psychologist retained by Plaintiff's mother near the end of the 2002-03 school year. Clearly, plaintiff cannot rely upon alleged misrepresentations which were known more than five years before this litigation was commenced.

Plaintiff also asserts that Pennsylvania's minority tolling statute, 42 Pa. C.S.A. § 5533(b) should apply to his claims under § 504 and the ADA. (Pl's Br. Opp'n Mot. Dismiss, Dkt. Entry 17, at 10.) Pennsylvania's minority tolling statute provides:

> If an individual entitled to bring a civil action is an unemancipated minor at the time the cause of action accrues, the period of minority shall not be deemed a portion of the time period within which the action must be commenced. Such person shall have the same time for commencing an action after attaining majority as is allowed to others by the provisions of this subchapter.

42 Pa.C.S. § 5533(b).

Plaintiffs argument would have force if state law provided the applicable limitations period. See e.g., Weidow v. Scranton Sch. Dist., No. 3:08-CV-1978, 2009 WL 2588856, at *7 (M.D.Pa. Aug. 19, 2009) ("when a statute of limitations is borrowed from the forum state's law, the relevant state tolling rules are also incorporated"). But, as noted above, our Court of Appeals has held that the IDEA two-year limitations period is applicable to claims under the Rehabilitation Act. The IDEA does not have a minority tolling provision. Courts have routinely held that state minority tolling statutes do not apply where the federal law claim is governed by a statute of limitations enacted by the Congress of the United States. See, e.g., Santos ex rel. Beato v. United States, 559 F.3d 189, 193 (3d Cir. 2009) (Pennsylvania tolling statutes not applicable to claims governed by the Federal

12

Tort Claims Act statute of limitations); Smith v. H.B. Allsup & Sons, Inc., 718 F. Supp. 21, 22 (S.D. Miss. 1989) (state minority tolling statute not applicable to claims brought under the Fair Labor Standards Act, which has its own statute of limitations); Hall v. E. I. DuPont deNemours & Co., 312 F. Supp. 358, 360 (E.D.N.Y. 1970) (state minority tolling statute not applicable to Clayton Act claims governed by a congressionally-enacted limitations period). Moreover, the fact that the IDEA statute of limitations contains two limited exceptions to the running of the limitations period is compelling evidence that no other tolling principles apply. As recognized in Hebert ex rel. Hebert v. Secretary of Health and Human Services, 66 Fed. Cl. 43, 47 (Fed. Cl. 2005), which refused to apply a state minority tolling statute to claims governed by the Vaccine Act, courts should not incorporate state tolling principles and statutes where they "would conflict with the congressional requirement of early submission of claims and its goal of prompt resolution." Thus, in Evan H., 2008 WL 4791634, at *5, the court held that claims premised upon the IDEA are "not subject to the continuing violation or equitable tolling doctrines, but that instead, the limitations period can be extended only for one of the enumerated statutory exceptions." Accordingly, Plaintiff is limited to pursuing claims that accrued on or after September 19, 2006.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. Defendant's Motion to Dismiss (Dkt. Entry 7) is GRANTED IN PART.

2. Count I of the Complaint is DISMISSED.

3. Plaintiff's claims in Counts II and III of the Complaint are limited to causes of action

accruing on or after September 19, 2006.

    4. In all other respects, the motion to dismiss is DENIED.

    4. A telephonic scheduling conference will be conducted on December 17, 2009, at 3:30 p.m. Counsel for plaintiff is responsible for placing the call to (570) 207-5720, and all counsel shall be ready to proceed before the undesigned is contacted.

                                             s/ Thomas I. Vanaskie
                                             Thomas I. Vanaskie
                                             United States District Judge